<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RENARD PONGRAC, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-3062 (NLH) |
| | : | |
| v. | : | |
| | : | |
| N.J. DEPARTMENT OF | : | **OPINION** |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

RENARD PONGRAC, Plaintiff <u>pro</u> <u>se</u>
372 Saint Thomas Drive
Toms River, New Jersey 08757

**HILLMAN**, District Judge

Plaintiff, Renard Pongrac, a state inmate confined at the Southern State Correctional Facility in Delmont, New Jersey, at the time he filed this Complaint, seeks to bring this action <u>in forma pauperis</u>. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff, Renard Pongrac ("Pongrac" or "Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: the New Jersey Department of Corrections ("NJDOC") and the Southern State Correctional Facility ("SSCF"). (Complaint, Caption, ¶¶ 2, 3).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff alleges that, in September or October 2011, while he was housed in Unit 9 on B Compound at the SSCF, the electric gate shut on his right hand causing "permanent disfigurement to [his] hand and extreme pain and permanent numbness in [his] middle finger, and a scar on knuckle area (index and middle finger." (Compl., ¶ C.2).  Plaintiff alleges that the security gate had no safety device to prevent it from closing on Plaintiff's hand.  He contends that defendants were on notice of this kind of injury because other inmates have incurred similar accidents in the past.  (Id., ¶ C.2).

It appears that Plaintiff also may be alleging that he did not receive proper medical care for his hand injury.  Immediately

2

after his injury, Plaintiff allegedly was told to wash the blood off his hand and go inside, and that if he did not do so, he would be sent to "lock-up."  Plaintiff asked to go to medical, which he did at 4:00 p.m. that day.  At Medical, the nurse gave Plaintiff his insulin shot and noticed the injury to Plaintiff's hand.  She gave Plaintiff two bandages and antibacterial cream for his hand injury.  (Id., ¶ C.2).

Plaintiff seeks compensatory and punitive damages in excess of $7.5 million.  (Compl., ¶ H).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)
(following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also
United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal
of a complaint that fails to state a claim in Ashcroft v. Iqbal,
556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the
Federal Rules of Civil Procedure which provides that a complaint
must contain "a short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).
Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S.
544 (2007) for the proposition that "[a] pleading that offers
'labels and conclusions' or 'a formulaic recitation of the
elements of a cause of action will not do,'"  Iqbal, 556 U.S. at
678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held
that, to prevent a summary dismissal, a civil complaint must now
allege "sufficient factual matter" to show that the claim is
facially plausible.  This then "allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203 (3d
Cir. 2009)(citing Iqbal, 556 U.S. at 676).  The Supreme Court's
ruling in Iqbal emphasizes that a plaintiff must demonstrate that
the allegations of his complaint are plausible.  See id. at 678-
79; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp.
v.. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint

4

must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  See also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### III.  ANALYSIS

Plaintiff appears to be asserting an Eighth Amendment failure to protect claim and an Eighth Amendment denial of

medical care claim under § 1983.  However, he names only the NJDOC and SSCF as defendants in this action.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Consequently, the NJDOC, as an agency or department of the State of New Jersey, is immune from suit in this action, and the

Complaint must be dismissed with prejudice as against the NJDOC accordingly.

Moreover, the SSCF is not an entity cognizable as a "person" for the purposes of a § 1983 suit.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).  Therefore, Plaintiff's allegations against the SSCF will be dismissed, and such dismissal will be with prejudice.

Nevertheless, if Plaintiff believes that he can assert facts in support of his Eighth Amendment claims as against individual NJDOC or SSCF officials acting in their individual capacities, then he may move to re-open this case and to file an amended complaint accordingly.[1]

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990)(footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

IV.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against the named defendants, NJDOC and SSCF in this action, pursuant to both 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(B)(1) and (2). However, Plaintiff may seek to amend his Complaint to name individual defendants, if any, with respect to his Eighth Amendment violations claims.  An appropriate order follows.


     /s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: 9/28/2012

At Camden, New Jersey

8